**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Johnson,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Federal Express Corporation,<br><br>　　　　　　　Defendant. | No. CV-14-02428-PHX-DGC<br><br>**ORDER** |

Defendant Federal Express Corporation has filed eight motions in limine. The Court and the parties discussed the motions at the final pretrial conference held on August 23, 2016. The Court enters the following rulings.

**A.     Defendant's Motion in Limine 1.**

Relying on Rule 404(b), Defendant seeks to exclude Pat Helm's testimony that Defendant retaliated against him for complaining about improper employment practices. Defendant argues that Helm worked in Los Angeles – a separate district under a separate manager – and that his testimony therefore says nothing about Plaintiff's claim that his supervisor, Raffi Arzoumanian, retaliated against him.  Plaintiff responds that Arzoumanian was supervised by Carlos Valdivia and Glen Corbin, the same regional managers who supervised Helm's manager, that both Plaintiff and Helm claim these regional managers were involved in their retaliation, and that Helm's testimony is therefore relevant to prove motive and intent – a legitimate purpose under Rule 404(b).

In the Ninth Circuit, "'other act' evidence is admissible under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000). In employment discrimination cases, courts also consider not only whether "the same actors are involved in each decision," but also the "temporal and geographical proximity, whether the various decisionmakers knew of the other decisions, whether the employees were similarly situated in relevant respects, [and] the nature of each employee's allegations of retaliation." *Griffin v. Finkbeiner*, 689 F.3d 584, 598-99 (6th Cir. 2012). Courts must further consider whether the evidence is admissible under Rule 403. *Duran*, 221 F.3d at 1133.

The Court concludes that these evaluations must, in this case, be made in the context of trial, when the Court will have a better understanding of the claims and defenses being presented to the jury. It is not clear to the Court at this time, for example, what role the regional managers played in the retaliation alleged by Plaintiff and Helm. Nor can the Court determine the degree of similarity between Helm's allegation of retaliation and Plaintiff's. During trial, the Court will be better equipped to consider relevant Rule 404(b) and 403 factors. For this reason, the motion in limine (Doc. 116) is **denied**. Because of the potentially prejudicial nature of Helm's evidence, Plaintiff should not mention it to the jury until after the Court has ruled on its admissibility.

### B. Defendant's Motion in Limine 2.

Defendant seeks to exclude Sue Apostoli's testimony that Defendant retaliated against her for complaining about improper employment practices. Defendant argues that Apostoli worked in Palm Springs and Temecula – in a separate district under a separate manager – and that her testimony therefore says nothing about Plaintiff's claim that Arzoumanian retaliated against him. Plaintiff again responds that Arzoumanian was supervised by the same regional managers as Apostoli's manager, that both Plaintiff and

Apostoli claim these regional managers were involved in their retaliation, and that Apostoli's testimony is therefore relevant to prove motive and intent.  As with Defendant's first motion, this decision must be made in the context of trial, when the Court will have a better understanding of the claims and defenses being presented to the jury.  The motion in limine (Doc. 117) is therefore **denied**.  Because of the potentially prejudicial nature of this evidence, Plaintiff should not mention Apostoli's testimony to the jury until after the Court has ruled on its admissibility.

### C. Defendant's Motion in Limine 3.

Defendant seeks to exclude Colene Garcia's testimony that Defendant retaliated against her for filing an internal complaint.  Defendant argues that Garcia worked in Los Angeles – in a separate district under a separate manager – and that her testimony therefore says nothing about Plaintiff's claim that Arzoumanian retaliated against him.  Plaintiff again responds that Arzoumanian was supervised by the same regional managers as Garcia's manager, that both Plaintiff and Garcia claim these regional managers were involved in their retaliation, and that Garcia's testimony is therefore relevant to prove motive and intent.  As with Defendant's first and second motions, this decision must be made in the context of trial.  The motion in limine (Doc. 118) is **denied**.  Because of the potentially prejudicial nature of this evidence, Plaintiff should not mention it to the jury until after the Court has ruled on its admissibility.

### D. Defendant's Motion in Limine 4.

Defendant seeks to exclude evidence regarding the hiring of Don Askew for a position in Las Vegas.  Plaintiff asserts that Askew's hiring was contrary to Defendant's policy of hiring from within, was made at the suggestion of Corbin and Valdivia, and shows that Defendant applies its policies arbitrarily.  Plaintiff confirmed during the final pretrial conference that the policy allegedly violated in the hiring of Askew is not at issue in this case.

As noted above, a consideration of other acts evidence requires the Court to address Rule 403.  *Duran*, 221 F.3d at 1133.  The Court finds this evidence – an alleged

1  violation of a policy not at issue in this case, in a different office and region – to be only
2  marginally relevant to Plaintiff's claim. The Court finds that the marginal probative
3  value of this evidence is substantially outweighed by the danger of undue delay and
4  wasting time. If this evidence is presented, Defendant will be required to present
5  evidence regarding the process of hiring Askew that is entirely unrelated to this case and
6  yet will consume valuable trial time. This motion in limine (Doc. 119) is **granted**.

### E.   Defendant's Motion in Limine 5.

The Court will **grant in part and deny in part** Defendant's motion to preclude Bruce Chamberlain from testifying. Doc. 120. The Court will grant the motion with respect to Chamberlain's testimony about Defendant's alleged retaliation against him. Chamberlain's internal complaint in 2003, and his failure to obtain a promotion in 2008, occurred before the events at issue in this case. Chamberlain worked in different offices from Plaintiff, in a different division, and had different managers. Plaintiff does not claim that any person in Chamberlain's management chain was a part of Plaintiff's management chain. The Court concludes that Plaintiff has failed to satisfy the requirements for admission under Rule 404(b) because the events are remote in time and not sufficiently similar to be probative of the motive and intent of Defendant's managers – the purpose for which Plaintiff seeks to introduce the evidence.

The Court will deny the motion with respect to Chamberlain's testimony that counseling is a precursor to discipline, and that most employees view it as disciplinary. The Court cannot conclude at this time that Plaintiff will be unable to satisfy Rules 602 or 701 in presenting this evidence. Chamberlain's more than 35 years with the company, as well as his management position, may qualify him to present such testimony.

### F.   Defendant's Motion in Limine 6.

The Court will **deny** Defendant's motion in limine to exclude the testimony of Lee Burke. Doc. 121. Burke was a Senior Manager in El Paso. She testified that Arzoumanian discriminated against her and, after she filed an internal complaint in 2008, began to retaliate against her. She testified that his retaliation continued after she filed an

EEOC complaint in 2009. This testimony concerns the same manager and management chain as Plaintiff, and similar allegations of retaliation. The Court finds that it satisfies the Ninth Circuit's four-part test under *Duran*. Burke can provide sufficient proof for the jury to find that Arzoumanian engaged in the acts of retaliation, the relevant events are not too remote in time, the evidence addresses a relevant issues in the case – Arzoumanian's motive and intent in his actions with respect to Plaintiff, and the alleged retaliation against Burke is similar to the alleged retaliation against Plaintiff. 221 F.3d at 1133. The Court finds that Burke's testimony is highly relevant and not substantially outweighed by the dangers identified in Rule 403.

Burke also testified that Arzoumanian, Valdivia, and Corbin have a routine practice of such retaliation, and that counseling is viewed as a disciplinary action among Defendant's employees. Whether she can lay a proper foundation for such testimony under Rules 602 or 701 must be determined at trial.[1]

### G. Defendant's Motion in Limine 7.

Defendant seeks to exclude evidence that unnamed persons instructed some witnesses to falsify FAMIS 280 screens that relate to driver routes and productivity. Defendant contends that the testimony would lack foundation, constitute hearsay, and be nothing more than an attempt to smear Defendant. Plaintiff responds that witnesses will testify that specific managers – including Arzoumanian – directed them to change FAMIS 280 screens contrary to policy, and that he was subjected to counseling (which he claims is a form of discipline) for doing so. The Court cannot determine whether this testimony will satisfy foundation, hearsay, and relevancy requirements without hearing the testimony, and therefore **denies** the motion in limine (Doc. 122).

---

[1] At the final pretrial conference, defense counsel asked the Court to preclude Burke from testifying about Arzoumanian's alleged discrimination against her based on race, gender, sexual orientation, and age. The Court agrees that such testimony is likely irrelevant and unduly prejudicial. Burke can testify that she filed an employment-related complaint and that Arzoumanian retaliated against her, but, because Plaintiff has no remaining discrimination claim in this case, the Court sees no need to get into the irrelevant and potentially prejudicial forms of the alleged discrimination against Burke. If Plaintiff disagrees, he can raise this issue with the Court outside the hearing of the jury.

### H. Defendant's Motion in Limine 8.

Defendant seeks to exclude the testimony of Joseph Durant, a long-time employee who left Defendant's employ in 2003 – years before the first relevant events in this case. Plaintiff asserts that Durant will testify that hiring decisions are often made before the interview process, that certain managers believe they are above the policies, and that Defendant's managers have been known to freeze employees out of their regions. In his affidavit, Durant describes hiring events that occurred in the 1980s and 1990s. Doc. 136-1 at 2. The Court will **grant** the motion in limine. Doc. 123. Durant's testimony is too remote in time to be particularly probative, it does not involve any of Plaintiff's managers, and it is not sufficiently similar to constitute probative evidence of Arzoumanian's or his managers' motive or intent. *Duran*, 221 F.3d at 1133. The Court also concludes, under Rule 403, that the marginal relevancy of this dated evidence is substantially outweighed by the danger of unfair prejudice, undue delay, and wasting time at trial.

**IT IS ORDERED** that Defendant's motions in limine are granted and denied as set forth above.

Dated this 24th day of August, 2016.

_____
David G. Campbell
United States District Judge