**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Johnson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Federal Express Corporation,<br><br>　　　　　Defendant. | No. CV-14-02428-PHX-DGC<br><br>**ORDER** |

Plaintiff Paul Johnson asks the Court to exercise its discretion and deny an award of costs to Defendant Federal Express Corporation pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1(b).  Doc. 172.  The motion has been fully briefed (Docs. 172, 174, 175), and neither party has requested oral argument.  For the reasons set forth below, the Court will grant Plaintiff's motion in part and reduce costs.

**I.　Background.**

Plaintiff brought claims against Defendant for retaliation and constructive discharge in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), and 42 U.S.C. § 1981.  Doc. 15.  The Court granted summary judgment for Defendant with respect to the constructive discharge claim and four of Plaintiff's theories of retaliation.  Doc. 110.  Following several days of trial, a jury found for Defendant on the remaining claims.  Doc. 164.  During the course of litigation,

Defendant filed a motion to dismiss (Doc. 17) and two motions for judgment as a matter of law under Rule 50, which the Court denied. Docs. 26, 148, 149.

Defendant timely filed a bill of costs, seeking $33,279.66. Doc. 166. Plaintiff filed objections (Doc. 168), and the clerk taxed costs against Plaintiff in the amount of $26,727.85. Doc. 171.

**II.   Analysis.**

Costs incurred by a prevailing party may be assessed against the losing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The law "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican–Am. Educators v. State of California,* 231 F.3d 572, 591 (9th Cir. 2000). "It is incumbent upon the party opposing the recovery of costs to overcome that presumption." *Novak-Scott v. City of Phoenix*, No. CV 05-3147-PHX-JAT, 2009 WL 825813, at *1 (D. Ariz. Mar. 30, 2009). According to the Ninth Circuit:

> Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010), abrogated on other grounds by *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014) (internal quotation marks omitted). A district court has discretion to reduce, rather than deny, costs. *See Guitron v. Wells Fargo Bank, NA*, 619 F. App'x 590, 592 (9th Cir. 2015).

Plaintiff asks the Court to deny costs to Defendant, citing the economic disparity between the parties, a possible chilling effect on civil rights litigation, the importance of the substantive matters involved in this case, and the merits of his underlying claim. Doc. 172 at 1. Defendant counters that Plaintiff "is not so financially hindered that an assessment of costs would be financially disastrous." Doc. 2 at 2. Defendant also argues

that Plaintiff's retaliation claim was without merit, and the fact that it included allegations of discrimination and retaliation does not justify a denial of costs. *Id.* at 3.

There is a significant economic disparity between the parties. Plaintiff, not his attorney, is solely responsible for costs in this case. Doc. 175-1 at 2. He has not been employed since February 2014, but receives an annual pension from Defendant of $57,831. *Id.*[1] In contrast, Defendant's annual revenues exceed $50,000,000,000. Doc. 172-2 at 2. While an assessment against Plaintiff of $26,727.85 may not render him indigent, there is little doubt it would constitute a severe financial burden. *See Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). The assessed costs would equal almost half of his annual income.

Imposition of high costs "on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Stanley*, 178 F.3d at 1080; *Guitron*, 619 F. App'x at 592. Decisions in employment discrimination cases generally turn on fact-intensive issues that often are hard to predict. A significant assessment against Plaintiff could have a chilling effect on victims of employment discrimination, discouraging them from bringing such claims in the future.

On the other hand, although Plaintiff has not worked since 2014, he resigned from Defendant's employment and currently draws his annual pension from Defendant. The Court does not find that Plaintiff's claim had substantial merit or involved close and difficult issues; nor did it raise issues of national importance. As noted by Defendant, the jury returned a unanimous verdict for Defendant following a five-day trial after only three hours of deliberation. Doc. 174 at 2. Finally, the Court cannot ignore that the costs incurred by Defendant resulted solely from Plaintiff's unsuccessful suit.

Considering all relevant factors, the Court concludes that the costs awarded against Plaintiff should be reduced to mitigate their harshness, but should not be eliminated. Exercising its discretion, the Court will reduce the cost award by

---

[1] Defendant alleges that Plaintiff "also maintains rental property in the Phoenix area[,]" but provides no evidentiary support or indication of the extent that this impacts Plaintiff's financial resources. Doc. 174 at 3.

approximately 50% and assess costs against Plaintiff of $13,000.

**IT IS ORDERED:**

1. Plaintiff's motion to deny costs (Doc. 172) is **granted in part.**

2. Defendant is awarded costs in the amount of **$13,000**.

Dated this 19th day of December, 2016.

_____
David G. Campbell
United States District Judge